*In re* JUAN QUIRÓS HERNÁNDEZ, querellado.

*Número:* O-67-413     *Resuelto:* 24 de enero de 1969

*J. F. Rodríguez Rivera, Procurador General Interino,* y *Juan José Ríos Martínez,* abogados de El Pueblo; *Luis A. Archilla Laugier,* abogado del querellado.

SENTENCIA

San Juan, Puerto Rico, a 24 de enero de 1969

En 21 de noviembre de 1967 el Procurador General de Puerto Rico presentó una querella que contiene dos cargos([1]) imputándole al abogado Juan Quirós Hernández con-

---

[1] "Primer Cargo

"El querellado, Juan Quirós Hernández, allá para el 25 de junio de 1960, giró y endosó un cheque personal contra el Banco Crédito y Ahorro Ponceño, Sucursal de Bayamón, por la suma de $3,050.00. Bajo pretexto y engaño de que el cheque por él girado era un instrumento negociable válido, convenció al Sr. Sergio Reyes para que éste le cambiara dicho cheque personal por un cheque del gerente expedido por el Banco Crédito y Ahorro Ponceño que el Sr. Sergio Reyes había recibido y tenía entonces en su poder, recibiendo el querellado y apropiándose para su personal beneficio de la referida suma de dinero, ascendente a $3,050.00.

"Presentado el cheque personal para su cobro ante el referido banco éste se negó a pagarlo por carecer el querellado de fondos en el mismo.

ducta inmoral e ilegal y contraria a los cánones de ética profesional. Designamos al Hon. Manuel A. Moreda Gómez, Juez del Tribunal Superior, Sala de San Juan, como comisionado, y éste, después de recibir la prueba y oir a las partes, rindió el correspondiente informe que en su parte pertinente dice:

*"Conclusiones de Hecho*

I.—Para el mes de junio de 1960 Juan Quirós Hernández era abogado debidamente admitido al ejercicio de su profesión en Puerto Rico. Tenía su bufete abierto al público en el pueblo de Bayamón.

II.—En el mes de junio de 1960 el Lcdo. Quirós Hernández visitó al comerciante Sergio Reyes de Bayamón y solicitó de éste que le cambiase un cheque personal por la suma de $3,050.00. Reyes, quien conocía al querellado como abogado del Banco Crédito y Ahorro Ponceño, creyendo que el cheque personal sería honrado por el banco a la presentación, aceptó y entregó al Lcdo. Quirós un cheque del gerente por $3,000 y $50.00 en efectivo. Quirós le entregó el cheque personal número 100 de fecha 25 de junio de 1960 girado contra el Banco Crédito y Ahorro Ponceño, Sucursal de Bayamón.

III.—El cheque fue presentado para su cobro en repetidas ocasiones. El banco se negó a honrarlo por carecer de fondos suficientes la cuenta del Lcdo. Quirós. En 22 de julio de 1960,

Además el propio querellado rehuyó intencional y voluntariamente toda gestión de cobro, dando lugar a la radicación de una demanda por cobro de dinero ante la Sala de Bayamón del Tribunal Superior, el que finalmente condenó en rebeldía al querellado a pagar al demandante Sergio Reyes la suma de $3,050.00 más las costas del procedimiento incluyendo la suma de $350 por honorarios de abogado, sumas éstas que el querellado aun rehuye satisfacer.

"Segundo Cargo

"El querellado, Juan Quirós Hernández, allá para el mes de junio de 1960 y aprovechándose de las relaciones de abogado y cliente entre él y los esposos Julio López Abril y Blanca Abril de López, se apropió indebida e ilegalmente de un cheque por la cantidad de $3,205.25 perteneciente a dichos esposos López Abril y previamente endosado por la tenedora Blanca Abril de López, procediendo dicho abogado a endosar y cambiar el referido cheque y apropiándose de su valor equivalente en dinero para su propio personal beneficio, defraudando de este modo a los referidos esposos López Abril."

a requerimiento de Reyes, el banco expidió una nota impresa de las usadas para devolver cheques y en ellas subrayó como razón para la devolución 'Refiérase al Librador'.

IV.—Reyes inició una acción en cobro de dinero contra Quirós ante el Tribunal Superior de Puerto Rico, Sala de Bayamón, caso CS 60-1125. Obtuvo sentencia favorable y pudo ejecutar la misma sobre propiedades del demandado. En la actualidad Quirós nada adeuda a Reyes.

V.—Para el mes de junio de 1960 los esposos Julio López Abril y Blanca Abril de López adeudaban al Banco Popular de Puerto Rico la suma de $3,325.00. La deuda estaba garantizada con una hipoteca. El banco estaba haciendo gestiones de cobro y amenazaba con ejecutar la hipoteca.

VI.—Ante la amenaza de ejecución Julio López Abril visitó al Lcdo. Quirós Hernández y contrató sus servicios. Le encomendó que consiguiese una prórroga para el pago de la deuda en lo que se levantaban los fondos necesarios para hacer el mismo. Quirós aceptó la encomienda y llamó por teléfono al Lcdo. Baragaño, abogado del banco, y le prometió el pago de la suma adeudada en el plazo de diez días.

VII.—Con motivo de su gestión profesional Quirós se enteró de que el Bayamón Federal Savings & Loan Association of Puerto Rico había aprobado un préstamo con garantía hipotecaria por la suma de $3,225.00 a favor de la Sra. Blanca Abril de López y que ese dinero iba a ser usado para cancelar la hipoteca constituída a favor del Banco Popular. El Sr. Julio López le informó al querellado que el cheque del Bayamón Federal Savings ya estaba hecho pero que él, Julio López, no lo recogería hasta la semana siguiente por estar muy ocupado. Quirós fue al banco a recoger el cheque. De allí llamó a la Sra. Abril de López y le pidió que autorizase al banco a entregarle el cheque. La señora le explicó que su esposo estaba ausente y no se atrevía. Quirós le indicó que era urgente recoger el cheque pues había que pagar la hipoteca antes de las tres de la tarde. Ante su insistencia la señora autorizó al banco a entregar el cheque a Quirós. Éste lo llevó a casa de la Sra. Abril de López y solicitó que ésta endosara el cheque. Ella le explicó que el dinero no era suficiente para cancelar la hipoteca, que esperasen a su esposo que estaba por llegar. Quirós insistió en la urgencia del caso y le aseguró que él lo arreglaría todo. Convenció a la

Sra. Abril de López y ésta endosó y le entregó el cheque en el entendido que sería usado para cancelar la hipoteca constituída a favor del Banco Popular.

VIII.—El Lcdo. Quirós no empleó el dinero conforme las instrucciones recibidas y violando la confianza en él depositada lo usó para su propio beneficio. Algún tiempo después el . . . suegro del Lcdo. Quirós, devolvió parte del dinero a los esposos López Abril."

El Procurador General hizo reparo a la determinación al efecto de que el querellado nada adeuda en la actualidad al señor Sergio Reyes. Hemos examinado la prueba presentada, especialmente los diligenciamientos por el Alguacil del Tribunal Superior, Sala de Bayamón, de las órdenes de ejecución libradas en el caso civil CS-60-1125 de dicha Sala, y en efecto de la suma original de $3,050 sólo se le ha restituido a Reyes la cantidad de $2,310. La cuarta determinación de hechos antes transcrita se enmienda en ese sentido.

Por su parte el querellado en su informe sostiene que, en cuanto al primer cargo, las inferencias más racionales y justas de la prueba, señalan que la transacción entre Reyes y el querellado fue una de préstamo y no un mero cambio de un cheque como se aduce; y en cuanto al segundo cargo, que la prueba presentada era de referencia según oportunamente se levantó en la vista ante el comisionado o no era la mejor evidencia para establecer los hechos imputados. Estos reparos a la admisión de la evidencia son inmeritorios.

No nos detendremos a resolver el planteamiento relacionado con la verdadera naturaleza de la transacción que motivó el primer cargo. Estimamos que el segundo cargo quedó establecido cumplidamente y que la conducta imputada da margen a la separación del querellado del ejercicio de la profesión de abogado. *In re Castro Figueroa*, 96 D.P.R. 317 (1968).

Finalmente hacemos constar el aprecio de los servicios profesionales prestados por el Lic. Luis A. Archilla Laugier, a quien designamos para representar al querellado.

Se ordena la separación del querellado Juan Quirós Hernández de la profesión de abogado y la eliminación de su nombre del Registro de Abogados de este Tribunal.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente Interino. Los Jueces Asociados Señores Santana Becerra y Dávila no intervinieron.

Pedro Pérez Pimentel
*Juez Presidente Interino*

Certifico:

Joaquín Berríos
*Secretario*